Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| DIANA CABRERA TORRES<br><br>Apelante<br><br>v.<br><br>PAN PEPÍN, INC.<br>COMPAÑÍA ASEGURADORA A<br><br>Apelada | KLAN202300925 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2023CV00696<br><br>Sobre: Represalia; Discrimen; Despido Injustificado; Procedimiento Sumario |
| --- | --- | --- |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

I.

El 8 de febrero de 2023 la Sra. Diana Cabrera Torres presentó una *Querella* contra Pan Pepín, Inc. y su aseguradora, mediante el procedimiento sumario de Ley Núm. 2 de 17 de octubre de 1961, según enmendada. Solicitó la concesión de remedios bajo la Ley 100 del 31 de agosto de 2004. Incluyó en la *Querella* tres causas de acción: despido injustificado, bajo lo codificado en la Ley Núm. 80 de 30 de mayo de 1976, según enmendada; discrimen laboral bajo la Ley Núm. 44 de 2 de julio de 1985, según enmendada; y represalias en el empleo, bajo la Ley Núm. 115-1991, según enmendada.

Específicamente alegó haber sido despedida constructivamente luego de haber presentado una querella ante la Unidad del Departamento del Trabajo (UAD) y la Oficina de Igualdad en el Empleo Federal (EEOC) por haber sido víctima de discrimen

Número Identificador

SEN2023_____

laboral después de haber solicitado un acomodo razonable por su condición de salud. Al respecto, la señora Cabrera Torres fue diagnosticada con varias condiciones respiratorias causadas por su trabajo al recibir servicios en la Corporación del Fondo del Seguro del Estado (CFSE), entre ellos broncoespasmos y asma. Tanto CFSE como la señora Cabrera Torres notificaron a Pan Pepín de tales condiciones y de la necesidad de un acomodo razonable. El 7 de julio de 2020, ocurrió la renuncia causada, según la señora Cabrera Torres, por la reiterada negativa de Pan Pepín en brindarle el acomodo solicitado, incurriendo en atropellos y conductas discriminatorias.

En su *Contestación a Querella* de 10 de abril de 2023, Pan Pepín negó las alegaciones de la señora Cabrera Torres, presentó defensas afirmativas y solicitó la desestimación de la *Querella*. Como parte de su alegación responsiva, Pan Pepín incluyó un alegado trasfondo laboral de la señora Cabrera Torres, del cual surge que previo a su renuncia, esta fue sujeto de una investigación interna motivada por múltiples acciones disciplinarias y quejas de sus subordinados sobre su comportamiento hostil. Además, arguyeron que la señora Cabrera Torres no podía ejercer las funciones del puesto, aunque le fuera provisto el acomodo.

Así las cosas, el 6 de junio de 2023, Pan Pepín presentó *Moción de Sentencia Sumaria* y solicitó la desestimación del recurso. Fundó la misma en que las alegaciones presentadas en la *Querella* se encontraban prescritas debido a que el evento principal había ocurrido previo al 8 de febrero de 2020. En respuesta, el 26 de junio de 2023, la señora Cabrera Torres presentó *Oposición a Solicitud de Sentencia Sumaria Presentada por la Parte Querellada Pan Pepín, Inc. y Solicitando se Dicte Sentencia Sumaria a Favor de la Parte Querellante de Epígrafe*. Por su parte, el 21 de julio de 2023, Pan Pepín presentó *Oposición a "Moción de Sentencia Sumaria a Favor de*

*la Parte Querellante del Epígrafe"* y *Réplica a "Oposición a Solicitud de Sentencia Sumaria Presentada por la Parte Querellada Pan Pepín, Inc.".*

Evaluadas las mociones, el 5 de octubre de 2023, el Tribunal de Primera Instancia emitió *Sentencia Parcial y Orden* declarando "Ha Lugar" la *Moción de Sentencia Sumaria* y desestimando con perjuicio las causas de acción de despido injustificado, discrimen en el empleo y discrimen por impedimento. Concluyó que, aunque el término prescriptivo de un año comenzó el 1 de julio de 2020, día en que la señora Cabrera Torres sometió su carta de renuncia, este fue pausado al acudir al Departamento del Trabajo y Recursos Humanos. Por ello, dicho término reinició el 1 de febrero de 2022, fecha en que la Directora de la Unidad de Antidiscrimen notificó a Pan Pepín y a la señora Cabrera Torres autorización para desistimiento voluntario y el cierre de caso ante la Agencia. Es decir, a partir de dicha notificación, la señora Cabrera Torres tenía hasta el 1 de febrero de 2023, para presentar la *Querella* ante el Tribunal de Primera Instancia. Por ende, para el 8 de febrero de 2023, día en que se presentaron las causas de acción, ya estaban prescritas. En cuanto a la acción por represalias, el Foro primario declaró "No Ha Lugar" la *Moción de Sentencia Sumaria* y ordenó la continuación de los procedimientos, ya que persistían controversias de hechos que impedían la resolución definitiva del pleito en aquel momento.

Insatisfecha con el proceder del Foro primario, el 16 de octubre de 2023, la señora Cabrera Torres presentó un *Recurso de Apelación Civil.* Sostiene:

> **Erró el Tribunal de Primera Instancia de Bayamón al declarar; (A) Ha Lugar la Solicitud de Sentencia Sumaria de la parte Querellada de manera parcial, al concluir que el término prescriptivo para instar la causa de acción por discrimen se inició a partir de que el Secretario del Departamento del Trabajo y Recursos Humanos del ELA notificó por correo ordinario la determinación del cierre administrativo ante la UAD y acogió la fecha del matasello del sobre**

**de dicha determinación al resolver que la acción al amparo tanto de la Ley Núm. 100 de 30 de junio de 1959, según enmendada como de la Ley Núm. 80 de 30 de mayo de 1976, de Diana Cabrera Torres estaban prescritas**.

El 17 de octubre de 2023, emitimos *Resolución*, concediéndole término de treinta (30) días a Pan Pepín para expresarse en torno al presente recurso. A esos efectos, el 26 de octubre de 2023, Pan Pepín compareció mediante *Moción de Desestimación.* Señala que el Foro *a quo* no fue debidamente notificado por la señora Cabrera Torres de la presentación del recurso, incumpliendo con la Regla 14(B) del Reglamento del Tribunal de Apelaciones.

Evaluada la *Moción*, el 28 de noviembre de 2023, emitimos *Resolución* concediéndole término de diez (10) a la señora Cabrera Torres para que se expresara. Ello así, el 8 de diciembre de 2023, la señora Cabrera Torres compareció mediante *Moción en Cumplimiento de Orden y en Oposición a Moción de Desestimación.*

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso incoado.

II.
A.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[1] Cabe puntualizar que "[l]a jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias".[2] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[3] Por lo que, los tribunales tienen el deber

---

[1] *Torres Alvarado* v. *Madera Atiles,* 202 DPR 495 (2019); *Vázquez* v. *ARPE,* 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación,* 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo,* 104 DPR 778, 782 (1976).

[2] *Torres,* 202 DPR, págs. 499-500; *Shell* v. *Srio. Hacienda,* 187 DPR 109, 122 (2012*); Asoc. Punta Las Marías* v. *ARPE,* 170 DPR 253, 263 [nota al calce núm. 3] (2007); *Cordero et al.* v. *ARPE et al.*, 187 DPR 445, 456 (2012).

[3] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo,* 169 DPR 873, 882 (2007); *Morán* v. *Martí,* 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002).

indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[4]

Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[5] Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[6] Debido a que la ausencia de jurisdicción es insubsanable.[7]

### B.

Nuestro Tribunal Supremo ha resuelto en diversas ocasiones que los reglamentos para perfeccionar los recursos, ante los foros apelativos, deben observarse rigurosamente.[8]  Si bien es cierto que un foro apelativo debe aplicar su reglamento de manera flexible, no es menos cierto que esta aplicación se circunscribe a:

> "[s]ituaciones muy particulares, en las cuales tal flexibilidad estaba plenamente justificada, como cuando se trata de un mero requisito de forma, de menor importancia, o cuando el foro apelativo ha impuesto una severa sanción de desestimación sin antes haber apercibido a la parte debidamente. Ninguna de tales expresiones nuestras debe interpretarse como que da licencia a las partes o al foro apelativo para soslayar injustificadamente el cumplimiento del reglamento de ese foro…".[9]

Por tanto, este Tribunal tiene la discreción para decidir si procede desestimar un recurso por razón de incumplimiento con nuestro Reglamento. Desde esa perspectiva, veamos las disposiciones aplicables y relevantes para el perfeccionamiento de un recurso de apelación.

---

[4] *Torres,* 202 DPR, págs. 499-500; *Souffront* v. *A.A.A.,* 164 DPR 663, 674 (2005); *Vázquez,* 128 DPR, pág. 537.

[5] *Allied Management Group Inc.* v. *Oriental Bank,* 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación,* 171 DPR 46, 55 (2007); *Vázquez,* 128 DPR, pág. 537.

[6] *Allied Management Group Inc.,* 204 DPR; *Carattini* v. *Collazo Systems Analysis Inc.,* 158 DPR 345, 355 (2002); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002)

[7] *Allied Management Group Inc.,* 204 DPR; *Maldonado,* 171 DPR, pág. 55; *Souffront,* 164 DPR, pág. 674; *Vázquez,* 128 DPR, pág. 537.

[8] *M-Care Compounding Pharmacy et als.* v. *Depto. de Salud et al.,* 186 DPR 159, 176 (2012); *Véase: García Ramis* v. *Serrallés,* 171 DPR 250 (2007); *Pellot* v. *Avon,* 160 DPR 125 (2003); *Arriaga* v. *FSE,* 145 DPR 122 (1998); *Matos* v. *Metropolitan Marble Corp.,* 104 DPR 122 (1975).

[9] *Arriaga,* 145 DPR, pág. 130.

La Regla 14(B) de nuestro Reglamento, rectora de la presentación y notificación de la apelación civil, dispone:

**[D]e presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos (72) horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto**.[10]

De lo antes citado claramente puede observarse que, al presentar un recurso de apelación ante la Secretaría de este Tribunal, la parte viene obligada a notificar al foro apelado de la presentación del recurso dentro de las setenta y dos (72) horas posteriores a la presentación del recurso. Este requisito es de cumplimiento estricto, por lo que la parte debe presentar justa causa para su incumplimiento. De conformidad con ello, nuestra revisión sobre un recurso de apelación depende de la rigurosidad y diligencia con la que el apelante cumple con las disposiciones de nuestro Reglamento.

Existe una diferencia entre un requisito de cumplimiento estricto y un requisito jurisdiccional. Los Tribunales pueden extender discrecionalmente un término de cumplimiento estricto o permitir su cumplimiento tardío solo cuando la parte que lo solicita demuestre justa causa para la tardanza. Por consiguiente, los foros adjudicativos pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si: 1) en efecto existe justa causa para la dilación y, 2) si la parte le demuestra detalladamente al tribunal las bases razonables que tiene para la dilación. Es decir, que la parte interesada le acredite al tribunal de manera adecuada la justa causa aludida.

---

[10] Énfasis nuestro.

En ausencia de justa causa, el tribunal no tiene discreción para prorrogar el término y, en consecuencia, expedir el recurso. En *Arraiga Rivera* v. *Fondo del Seguro del Estado*,[11] nuestro más alto Foro dispuso que, no es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales.[12]

III.

De un examen minucioso del expediente y sus anejos, así como del Sistema Unificado de Manejo de Casos (SUMAC), se desprende que nunca se entregó la cubierta o primera página del recurso apelativo al Tribunal de Primera Instancia sellada. Según la mencionada Regla 14(B), la parte tiene la obligación de entregar al Foro *a quo* específicamente la cubierta o primera página del recurso apelativo **sellada con la fecha y hora de su presentación**. Dicha obligación subsiste si se optare por presentarse el recurso de forma virtual.

De igual forma, el que la señora Cabrera Torres haya radicado una *Moción al Expediente Judicial* informando haber presentado el recurso ante nos, tampoco substituye ni subsana el haberse abstenido de cumplir con la reglamentación. En ausencia de la requerida notificación de la Regla 14(B) del Reglamento, sin que la señora Cabrera Torres haya esgrimido razón o causa justificada alguna para su incumplimiento, carecemos de jurisdicción para atender el recurso.

IV.

Por los fundamentos antes expuestos, se *desestima* el recurso apelativo por falta de jurisdicción.

---

[11] 145 DPR 122 (1998).

[12] *Febles* v. *Romar*, 159 DPR 714, 720 (2003).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones